J-S34026-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ROBERT WIDEMAN | : | |
| | : | |
| Appellant | : | No. 1012 WDA 2022 |

Appeal from the PCRA Order Entered August 9, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No:  CP-02-CR-0009496-1975

BEFORE:  LAZARUS, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                    **FILED: December 28, 2023**

Appellant, Robert Wideman, appeals from the order the Court of Common Pleas of Allegheny County entered on August 9, 2023.  Counsel has filed a brief and petition to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we grant counsel's petition for leave to withdraw and affirm the order dismissing Appellant's petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.

Following a jury trial in July 1976, Appellant was convicted of second-degree murder and robbery.  On July 10, 1978, the trial court sentenced Appellant to life imprisonment.

> [Appellant] appealed to our Supreme Court.  In addition, [Appellant] filed a *pro se* application for reconsideration and request for the appointment of new counsel.  [Appellant]'s application was denied, but his request for new counsel was

granted. During the pendency of his appeal, [Appellant] further filed a post-conviction petition[,] which was dismissed without prejudice. The Supreme Court remanded the matter to the trial court for an evidentiary hearing.

The evidentiary hearing was held in February of 1980, following which the trial court affirmed its disposition. [Appellant] again appealed. The Supreme Court affirmed. **See Commonwealth v. Wideman**, [436 A.2d 982 (Pa. 1981)].

**Commonwealth v. Wideman**, 2273 Pittsburgh 1998, unpublished memorandum at *3 (Pa. Super. filed May 19, 2000) (footnote omitted).

On January 16, 1996, Appellant filed his second PCRA petition. In October 1998, the PCRA court held an evidentiary hearing. On November 23, 1998, the PCRA court awarded Appellant a new trial. The Commonwealth appealed. On May 19, 2000, we reversed the PCRA court's order. **Id.** at *12. Appellant's petition for allowance of appeal was denied by the Supreme Court on January 5, 2001. **See Commonwealth v. Wideman**, 766 A.2d 1248 (Pa. 2001).

After unsuccessfully pursuing two additional PCRA petitions, Appellant filed the underlying petition, his fifth, on August 9, 2021. The PCRA court dismissed Appellant's petition on August 9, 2022.

On September 1, 2022, Appellant filed a *pro se* notice of appeal to the Superior Court. On November 3, 2022, the PCRA court appointed counsel to represent Appellant in the instant appeal.

On December 28, 2022, counsel submitted a timely statement of intent to file an **Anders**/**McClendon** brief in lieu of filing a statement of errors complained of on appeal.

We first address counsel's application to withdraw.[1]  In order for PCRA counsel to withdraw under **Turner**/**Finley**[2] in this Court:

> (1) PCRA counsel must file a no-merit letter that details the nature and extent of counsel's review of the record; lists the appellate issues; and explains why those issues are meritless.
>
> (2) PCRA counsel must file an application to withdraw; serve the PCRA petitioner with the application and the no-merit letter; and advise the petitioner that if the Court grants the motion to withdraw, the petitioner can proceed *pro se* or hire his own lawyer.
>
> (3) This Court must independently review the record and agree that the appeal is meritless.

**Commonwealth v. Widgins**, 29 A.3d 816, 817-18 (Pa. Super. 2011).

We find that counsel for Appellant has complied with these procedural and substantive requirements.  Counsel stated in his petition to withdraw that, after conducting a thorough review of the record, he found that the underlying petition was untimely and that the claims Appellant intended to raise were frivolous.  Petition to Withdraw as Counsel, 7/18/23, at 4-5 (unnumbered).

---

[1] It is well-settled that **Anders** applies only when counsel seeks to withdraw from representation on direct appeal, and that **Turner**/**Finley** applies when counsel seeks leave to withdraw from a collateral appeal such as the present case.  Even so, we will accept counsel's **Anders** brief in lieu of a **Turner/Finley** no-merit letter, because an **Anders** brief provides greater protection to Appellant.  **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa. Super. 2011) (accepting **Anders** brief in lieu of **Turner**/**Finley** letter).

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

Counsel attached to his petition a copy of the letter he sent to Appellant advising him he could retain private counsel or proceed *pro se.* **Id.** Counsel also provided Appellant a copy of the brief that summarizes the facts and procedural history, includes issues that could arguably support Appellant's appeal, and explains why the issues are meritless. Accordingly, we turn to the issues raised in this appeal.

Appellant argues that his current petition is timely under **Commonwealth v. Small**, 238 A.3d 1276 (Pa. 2020) because the opinion created a new constitutional right that applies retroactively to his case. In particular, Appellant argues that **Small** effectively overturned our decision issued on May 19, 2000 (2273 Pittsburgh 1998), in which we reversed the PCRA court's order granting Appellant's petition for a new trial. Appellant believes that the disposition hinged on "the public record presumption," which **Small** subsequently repudiated. We disagree with Appellant's contention that **Small** now affords him relief.

On appeal,

[w]e review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. **Commonwealth v. Burkett**, 5 A.3d 1260, 1267 (Pa. Super. 2010). This review is limited to the findings of the PCRA court and the evidence of record. **Id**. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. **Id.** This Court may affirm a PCRA court's decision on any grounds if the record supports it. **Id.** We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. **Commonwealth v. Carter**, 21 A.3d 680, 682 (Pa. Super. 2011). However, we afford no such deference to its legal conclusions.

- 4 -

> ***Commonwealth v. Paddy***, 15 A.3d 431, 442 (Pa. 2011);
> ***Commonwealth v. Reaves***, 923 A.2d 1119, 1124 (Pa. 2007).
> Further, where the petitioner raises questions of law, our standard
> of review is *de novo* and our scope of review is plenary.
> ***Commonwealth v. Colavita***, 993 A.2d 874, 886 (Pa. 2010).

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final,"[3] unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1).[4] "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on

---

[3] It is undisputed that the underlying PCRA petition is facially untimely. Our Supreme Court affirmed Appellant's judgment of sentence on October 8, 1981. The Supreme Court denied Appellant's application for reargument on November 25, 1981. Appellant, therefore, had 60 days from that date to file a petition for a writ of certiorari with the United States Supreme Court, under what was then U.S. Sup. Ct. R. 20.1. Because Appellant did not file a such a petition, his judgment of sentence became final on January 25, 1982. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Appellant had one year from January 25, 1982, to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). The instant PCRA petition was filed on August 9, 2021, approximately 39 years from January 25, 1982. The instant petition is, therefore, facially untimely.

[4] The one-year time limitation can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within one year of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

- 5 -

other grounds by **Small**, **supra**). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we must first determine whether this PCRA petition is timely filed. **Commonwealth v. Stokes**, 959 A.2d 306, 310 (Pa. 2008) (consideration of **Brady** claim separate from consideration of its timeliness). If it is not timely, we cannot address the substantive claims raised in the petition. **Id.**

In **Small,** our Supreme Court discussed the "public record presumption," which imputed knowledge of facts to a PCRA petitioner the moment those facts became part of the public record. The presumption was abandoned in **Small**, because as applied to incarcerated *pro se* petitioners, it was inconsistent with the plain language of the PCRA. Under subsection 9545(b)(ii), the newly-discovered facts exception to the PCRA's jurisdictional time bar, the delayed discovery of information in the public record by such a petitioner will be excused if he has exercised due diligence. **See Small**, 238 A.3d at 1283-86.

Appellant's reliance on **Small** is misplaced. First, there is no authority supporting Appellant's claim that **Small** recognized a new constitutional right that applies retroactively. Under the PCRA, a decision of our Supreme Court (or of the United States Supreme Court) can be applied retroactively only if our Supreme Court (or the U.S. Supreme Court) has recognized a new constitutional right and has expressly held that such right is retroactively applicable. The **Small** decision, however, did not recognize a new

constitutional right, let alone one that applies to preceding cases. ***See***, ***e.g.***, ***Commonwealth v. Sprankle***, No. 1365 WDA 2022, unpublished memorandum at *4, n.3 (Pa. Super. filed October 10, 2023); ***Commonwealth v. Dukes***, No. 78 WDA 2022, unpublished memorandum at *11-12 (Pa. Super. February 24, 2023).

Second, the PCRA court found, and we agree, that "our decision in 2273 Pittsburgh 1998, does not . . . involve the public record presumption." PCRA Court Opinion, 5/11/23, at 3.

Indeed, in prior appellate proceedings, we concluded that Appellant had not raised a valid after-discovered evidence claim that would implicate the public record presumption.[5]  To this end, we noted that

> [Appellant] introduced evidence at the PCRA hearing that he did not learn of the Morena's family malpractice case until March of 1995.  The PCRA court accepted [Appellant]'s testimony.  The PCRA court further concluded that the evidence was not available until 1981, when the Morena family settled with the defendant physicians.
>
> Notwithstanding the PCRA court's conclusions to the contrary, the fact that [Appellant] failed to learn of the information does not mean that it could not have been obtained at or prior to the trial by the exercise of reasonable due diligence.  All of his information was available and could have been discovered through the exercise of reasonable diligence by [Appellant] or his counsel <u>at the time of trial</u>.  [Appellant] or his trial counsel could have sought to obtain the victim's medical records or interviewed the medical personnel who rendered treatment to the victim.  [Appellant]

---

[5] Appellant claimed he was entitled to PCRA relief due to his discovery of evidence bearing on the issue of causation, *i.e.*, that the victim's death was attributable to medical malpractice rather than the gunshot wound. ***Wideman***, 2273 Pittsburgh 1998, at * 4.

certainly did not need to wait until the victim family settled with the physicians in order to assert this defense at trial.

*Wideman*, 2273 Pittsburgh 1998, at *6-7 (internal citations omitted; emphasis added).

It follows from this analysis that, even if applicable retroactively, *Small* would not be relevant here because we did not rely on the public record presumption when reversing the granting of PCRA relief in prior appellate proceedings. We simply held that Appellant was procedurally barred because he had not exercised due diligence in discovering the facts on which he relied in his petition. The holding of *Small* has no bearing on that determination.

Thus, because the underlying PCRA petition is facially untimely and does not meet the newly-recognized constitutional right exception, we have no jurisdiction to entertain the merits of the challenge and the dismissal of Appellant's petition must be upheld.

Counsel's petition to withdraw granted. Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

12/28/2023